UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE,

                         Plaintiff,        09 CV 7857 (JSR)

-v-

                                  **VERIFIED COMPLAINT**

WPM MARINE SDN BHD,

                         Defendant.
------------------------------------------------------------------x

       Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE, (hereinafter "DEUILEMAR"), by its attorneys, CHALOS & CO, P.C., as and for its Verified Complaint against Defendant, WPM MARINE SDN BHD (hereinafter "WPM"), alleges upon information and belief as follows:

## JURISDICTION

       1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

       2.    At all times material hereto, Plaintiff, DEIULEMAR, was and still is a foreign business entity with a principal place of business in Italy.

       3.    At all times material hereto, Defendant, WPM, was and still is a foreign business entity with a principal place of business at No. 22-1, Jalan Opera C U2/C, Taman TTDI Jaya Seksyen 22, 40150 Shah Alam, Selangor Darul Ehsan, Malaysia.

Chalos & Co ref: 2020.0010

## FACTS AND CLAIM

4.  On or about May 6, 2009, DEIULEMAR, as owners of the M/V FRIENDLY SEAS, and WPM, as charterers, entered into an agreement for the time charter of the vessel for a period of two (2) laden legs with a duration of not over forty-five (45) days. *A copy of the subject fixture recap is annexed hereto as Exhibit "1".*

5.  This time charterparty agreement is a maritime contract.

6.  It was agreed that WPM would pay hire at a rate of USD $21,000.00 per day.

7.  The M/V FRIENDLY SEAS was delivered to WPM on July 6, 2009.

8.  On July 8, 2009, in breach of the charter party agreement, WPM advised that it was unable to remit payment of the hire due to financial problems.

9.  Due to WPM's breach, DEIULEMAR suffered significant damages including lost hire in the amount of USD $83,362.50, ballasting in the amount of USD $146,737.50, and bunkers consumption in the amount of $100,142.00.

10. Despite DEIULEMAR's repeated demands for payment of the outstanding damages, WPM has failed to make said payment.

11. Pursuant to the terms of the above listed agreement, all disputes arising there under are to be submitted to arbitration in London with English law to apply.

12. Plaintiff has or will be commencing underlying arbitration proceedings shortly.

13. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of London arbitration proceedings.

14. English law, including but not limited to Section 63 of the English Arbitration Act of 1996, provides that a prevailing party is entitled to interest, costs and legal fees.

15. As best as can now be estimated, the Plaintiff DEIULEMAR expects to recover the following amounts in the London arbitration proceedings from Defendant WPM:

| | | |
|---|---|---|
| A. | Principal claim: | *$ 330,242.00* |
| B. | Estimated interest on Principal claim:<br>3 years at 7.5%, compounded quarterly | *$ 82,466.84* |
| C. | Estimated attorneys' fees: | *$ 50,000.00* |
| D. | Estimated arbitration fees: | *$ 50,000.00* |
| | **Total Claim** | **$ 512,708.84** |

16. Therefore, DEIULEMAR's total claim for breach of the maritime contract against Defendant WPM is in the aggregate USD $512,708.84.

## BASIS FOR ATTACHMENT

17. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

18. Defendant WPM is continuously engaged in international shipping and conducts business in U.S. Dollars. Nearly all companies engaged in the international shipping industry

transact business in U.S. Dollars and therefore regularly have assets in New York City. Dollars are the *lingua franca* of international commerce.

19. All international U.S. dollar transfers are processed by intermediary banks in the United States, mainly in New York City. The Clearing House Interbank Payment System represents that it processes 95% of those transfers.

20. Plaintiff believes that some of these assets of Defendant, WPM, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including: ABN AMRO BANK, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, and Wells Fargo Bank.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos (*a copy of which is annexed hereto as Exhibit "2"*), and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for

Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $512,708.84 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Oyster Bay, New York
       September 11, 2009

CHALOS & CO, P.C.
Attorneys for Plaintiff
DEIULEMAR COMPAGNIA DI NAVIGAZIONE,

By: _____
George M. Chalos (GC-8693)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
Email: gmc@chaloslaw.com

# EXHIBIT 1

Printed by Filosa Nicola  martedì 30 giugno 2009 15.32.20  Db.Nr.1497520

From: capepanamax@unitramp.it
To: "DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA" <chartering@deiulemar.it>, "DEIULEMAR COMPAGNIA DI NAVIGAZIONE SPA" <postfix@deiulemar.it>
Subject: MV FRIENDLY SEAS/WPM CLEAN RECAP AMENDED
Date: Tue, 30 Jun 2009 15:29:10 +0200

RIF: 00918140 30/06/2009 15.28.14

UNITRAMP SRL SHIPBROKERS - NAPLES / ITALY
PH: +39 081 552 9952 - FX: +39 081 552 9915

capepanamax@unitramp.it ; handy@unitramp.it
postfix@unitramp.it ; http:/www.unitramp.it
=====================================

TO :DEIULEMAR COMPAGNIA

ATT:NICOLA FILOSA
ATT:CLAUDIO SAGGIOMO


RE: FRIENDLY SEAS/WPM CLEAN RECAP
=======

NICOLA-CLAUDIO/ANTONIO

VI PREGO NOTARE IL RECAP EMENDATO COME DA CONFERMA ULTIMA NOLEGGIATORE SULLA CONSEGNA E STRUTTURA COMMISSIONI:


FURTHER CHARTERS LAST CONFIRMATION, FOR GOOD ORDER SAKE ONLY
PLEASE FIND HEREBELOW AMENDED RECAP FOR "DELY RANGE" AS AGREED:

****

WE'RE PLEASED TO CONFIRM NOW CLEAN FIXED WITH CHARTER PARTY DATED TODAY 29TH JUNE 2009,AND RECAPITULATION AS FOLLOWS:

-NEGOTIATION AND FIXTURE TO BE ABSOLUTELY P&C

MV FRIENDLY SEAS
TC DESCRIPTION AS OWRS BTB C/P ATTACHED


FOR

-ACCT WPM Marine Sdn Bhd. no. 22-1 Jalan Opera C U2/C, Taman TTDI Jaya, Seksyen U2, 40150  Shah Alam, Selangor Tel: +603 7843 0070 / 78430071 Fax: +603 7843 0072
PIC: SH Hassan Bin Omar    Head    Marine & Logistics Division
Website: www.wpmglobal.com.my

-DELY : DLOSP 1SP XINGANG-LANSHAN RANGE, INT LANSHAN, CHINA ATDNSHINC

-TC PERIOD: 2 LADEN LEGS VIA SP(S) SA(S) SB(S) AAAA AWIWL WITH HARMLESS CARGO IN BULK , BOTH INTENTION DAVAO TO SINGAPORE, WITH DURATION NOT OVER 45 DAYS.

-LAY/CAN: 6TH/15TH JULY 2009 00:01/23:59 HRS LT

-REDELY: DLOSP SINGAPORE

-HIRE : USD 21.500 DIOT
   FIRST PAYMENT OF 45 DAYS IN ADVANCE PLUS VALUE OF THE BOD TO BE PAID
   WITHIN 2 BANKING DAYS AFTER VESSEL DELY.

-BUNKER CLAUSE:
BOD ABT 530 MTS IFO AND ABT 25MTS MDO
BOR ABT SAME QUANTITY AS ON DELIVERY
PRICES B/ENDS AT USD 430PMT FOR IFO AND USD580PMT FOR MDO

-COMM - 5 PCT TTL TO OWNS ASF:
2.5 PCT OF WHICH 1.25 PCT ADDR TO WPN AND 1.25 PCT TO PACIFIC
SHIPPING AND CHARTERING TO BE DEDUCTED FM HIRE PAYMENT, WHILST
1.25 PCT BROKERAGE TO MEGACHART INC. PIRAEUS AND 1.25 PCT
BROKERAGE TO UNITRAMP SRL NAPLES TO BE PAID BY OWNERS.

-OTHERWISE TERMS AND CONDITIONS AS PER OWNERS BTB C/P DATED 17TH JUNE 2008
WHICH TO BE LOGICALLY AMENDED IN ORDER TO INCORPORATE THE ABOVE MAIN
TERMS.

END RECAP


WE TAKE THIS OPPORTUNITY TO THANK AGAIN BOTH PARTIES FOR SUPPORT LEADING TO
FIXTURE.


BRGDS

ANTONIO ESPOSITO
UNITRAMP SRL SHIPBROKERS
NAPLES-ITALY
DL :+39 081 552 9952
MOB:+39 333 4216530
MSN:ae1977@hotmail.it

_____ Informazioni da ESET NOD32 Antivirus, versione del database delle firme digitali 4199
(20090630) _____

Il messaggio è stato controllato da ESET NOD32 Antivirus.

www.nod32.it

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE,

                                                Plaintiff,        09 CV

-v-                                                       **ATTORNEY'S DECLARATION**
                                                            **THAT DEFENDANT**
                                                             **CANNOT BE FOUND**
WPM MARINE SDN BHD,                 **WITHIN THE DISTRICT**

                                                Defendant.
-------------------------------------------------------------------x

     This declaration is executed by **George M. Chalos, Esq.**, counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE, in order to secure the issuance of a Summons and Process of Maritime Attachment and Garnishment in the above-entitled, in personam, Admiralty cause.

     Pursuant to 28 U.S.C. §1746, **George M. Chalos, Esq.**, declares under the penalty of perjury:

     I am a Member of the firm of CHALOS & CO, P.C., attorneys for Plaintiff in the above referenced matter.

     I am familiar with the circumstances of the Verified Complaint, and I submit this declaration in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of the defendant, WPM MARINE SDN BHD, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

     I have personally inquired or have directed inquiries into the presence of the defendant in this District.

Chalos & Co Ref: 2020.010

I have personally checked with the office of the Secretary of State of the State of New York, using the Secretary of State's Division of Corporations database, and I have determined that, as of September 11, 2009, the defendant is not incorporated pursuant to the laws of New York, and have not nominated any agent for the service of process within the Southern District of New York.

I have inquired of Verizon Telephone Company whether the defendant can be located within this District. The Verizon Telephone Company has advised me that the defendant does not have any telephone number listings within this District.

I have further consulted with several other telephone directories on the internet, and I have found no separate telephone listings or addresses for the defendant within this District.

I have engaged in a Google search as to whether the defendant can be located within this District. The Google search results did not provide any information that defendant is found in this District.

I am unaware of any general or managing agent(s) within this District for the defendant.

In that I have been able to determine that the defendant has not appointed an agent for service of process within the Southern District of New York and that I have found no indication that the defendant can be found within this District for the purposes of Rule B, I have formed a good faith belief that the defendant does not have sufficient contacts or business activities within this District and do not have any offices or agents within this District to defeat maritime attachment under Rule B of the Supplemental Rules for Admiralty and Maritime Claims as set forth in the Federal Rules of Civil Procedure.

It is my belief, based upon my own investigation that the defendant cannot be found within this District for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated: Oyster Bay, New York
       September 11, 2009

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              DEIULEMAR COMPAGNIA DI
                              NAVIGAZIONE

By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516)750-9051
                              Email: gmc@chaloslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DEIULEMAR COMPAGNIA DI
NAVIGAZIONE,

                           Plaintiff,                  09 CV

-v-

                                                       **VERIFICATION OF**
                                                       **COMPLAINT**

WPM MARINE SDN BHD,
                           Defendant.
-----------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, DEIULEMAR COMPAGNIA DI NAVIGAZIONE, herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Chalos & Co Ref: 2020.010

Dated: Oyster Bay, New York
      September 11, 2009

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              DEIULEMAR COMPAGNIA DI
                              NAVIGAZIONE

By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com